Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Debtor
80 Red Schoolhouse Road
Suite 110
Chestnut Ridge, New York 10977
(845) 352 - 8800
email: law@kmpclaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:

SUSANNA ALEXANDRA VISHNEV and SLAVA            Chapter 7
VISHNEV,
                                               Case No. 19-35843(CGM)

                              Debtors.

----------------------------------------------------------------x

YURIY KLIBAN,

                              Plaintiff,        Adversary Proceeding

        - against -                             Case No. 19-09029(CGM)

SUSANNA ALEXANDRA VISHNEV and SLAVA
VISHNEV,

                              Defendants

----------------------------------------------------------------x

**MOTION OF THE DEBTORS FOR ORDER DISMISSING THE COMPLAINT
FOR LACK OF PROSECUTION AND CORRECTING ORDER**

**To:     The Honorable Cecelia G. Morris
         Chief United States Bankruptcy Judge**

        Susanna Alexandra Vishnev ("Mrs. Vishnev") and Slava Vishnev ("Mr. Vishnev") (collectively

"Debtors") hereby move this Court, pursuant to Federal Rule of Bankruptcy Procedure 7041 and

Federal Rule of Civil Practice 41(b) for entry of an order dismissing the Complaint ("Complaint")

filed by Yuriy Kliban, pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) and (3), correcting the Order of December 16, 2019, to the extent necessary, and respectfully sets forth as follows:

## JURISDICTION

1.      This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(I).  The statutory predicate for the relief requested herein are Federal Rules of Bankruptcy Procedure 7041 and 9024 and Federal Rules of Civil Procedure 41(b) and 60(b)(1) and (3).

## BACKGROUND

2.      On May 21, 2019, the Debtors filed a voluntary petition for relief under Chapter 7 ("Chapter 7 Case") of the United States Bankruptcy Code ("Bankruptcy Code").

3.      Fred Stevens was appointed the interim trustee ("Trustee") of the Chapter 7 Case and succeeded to the position of permanent Trustee at the Section 341(a) meeting.

4.      The Trustee filed his Report of No Distribution on June 24, 2019.

5.      Yuriy Kliban ("Plaintiff") commenced the above captioned adversary proceeding ("Adversary Proceeding") on July 29, 2019, by filing a Complaint seeking a determination that the debts are not dischargeable and that Mrs. Vishnev holds $110,462.80 in a constructive trust for the benefit of Plaintiff.

6.      Plaintiff moved for summary judgment ("Summary Judgment Motion") pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure.  The Summary Judgment Motion was heard by this Honorable Bankruptcy Court on November 19, 2019.  A copy of the transcript of the hearing on the Summary Judgment Motion is annexed to the Certification of Rosemarie E. Matera, Esq. ("Matera Certification") as Exhibit "A".

7.      The Summary Judgment Motion was granted, in part, and denied, in part.  Specifically,

the debt owed by Mr. Vishnev to the Plaintiff was declared non-dischargeable pursuant to Sections 523(a)(2)(A) and (a)(4) of the Bankruptcy Code. Summary judgment was granted on the finding that there is a constructive trust and that such trust is not property of the estate. Summary judgment was denied as to the determination of non-dischargeability under Section 523(a)(6) and was denied as to a determination that the monies owed by Mrs. Vishnev are non-dischargeable. Exhibit "A" to Matera Certification at p. 6, lines 5-15.

8.      At the November 19, 2019 hearing, the Court directed that a scheduling order be filed "asap". Exhibit "A" to Matera Certification at p.7, lines 17-20; see also p.6, lines 16-19.

9.      On December 16, 2019, an Order on Motion and Cross Motion ("Order") was entered. Exhibit "B" to Matera Certification. Unfortunately, the Order is not entirely consistent with this Honorable Court's decision. The Order makes no reference to the determination that non-dischargeability as to Mrs Vishnev was denied. Indeed, by stating that the "fourth cause of action against Susanna Alexandra Vishnev. . is granted", it is easily possible to present the Order as denying the dischargeability of the constructive trust amount.[1]

10.     Not having heard from Plaintiff on the Court directed scheduling order, an email was sent to counsel for Plaintiff on January 23, 2020, reminding him of the need for the scheduling order. Exhibit "C" to the Matera Certification. As of this date, no response to that email has been received.

11.     On the hearing date of January 29, 2020, the Plaintiff did not appear. With no scheduling order, no response to the email and no appearance at the hearing, the Court directed the Debtors to file a motion to dismiss for failure to prosecute.

**ARGUMENT**

12.     "A trial court's historic power to dismiss an action for want of prosecute is codified

---

[1]   Paragraph 53 of the Complaint at Count IV states "Plaintiff is entitled to a declaration of this Court. . . that the debt to the Plaintiff is nondischargeable."

in Federal Rule of Civil Procedure ("Rule") 41(b). Bankruptcy Rule 7041 incorporates Rule 41(b)". (In re Crysen/Montenay Energy Co.) ("Crysen/Montenay"), 166 B.R. 546, 550 (S.D.N.Y. 1994). Rule 41(b) provides as follows:

> Involuntary Dismissal: Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

13.    "Dismissal for failure to prosecute is an appropriate remedy where a plaintiff has shown no due diligence in prosecuting the case". Crysen/Montenay, citing Lyell Theatre Corp. V. Loews, 682 F. 2d 37, 42-43 (2d Cir. 1972). As stated in Crysen/Montenay, Courts have dismissed actions for failure to prosecute where the plaintiff has failed to take any action over a length of time (citing Chira v. Lockheed Aircraft Corp., 634 F. 2d 664 (2d Cir. 1980), or has disregarded scheduling orders of the Court, citing Pearl v. City of New York, 992 F. 2d 458, 461 (2d Cir. 1993). See also In re Residential Capital, LLC, 507 B.R. 477, 491 (Bankr. S.D.N.Y. 2014) ("Under Rule 41(B) of the Federal Rules of Civil Procedure, plaintiffs have an obligation to diligently prosecute their case"); 2007 Bankr. LEXIS 1691, *12 (S.D.N.Y.) ("After considering plaintiff's actions over the course of this matter, the Court must, under Federal Rule of Civil Procedure 7041, dismiss the complaint in its entirety because of Plaintiff's failure to prosecute").

14.    Plaintiff ignored the directive of this Court from November 19, 2019, to produce a proposed scheduling order. Plaintiff ignored the email of January 23, 2020 from Debtors' counsel that a scheduling order was required. Plaintiff failed to appear at the adjourned pre-trial conference of January 28, 2020; yet, the Debtors and their counsel were in attendance.

15.    On the issue of the December 16, 2019 Order, the absence of the denial of the non-dischargeability ruling therein is egregious.

16. Federal Rule of Bankruptcy Procedure 9024 adopts Federal Rule of Civil Procedure 60(b), which pertinent hereto, provides as follow:

(b) Grounds for Relief From a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; . . . . .

(3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation or misconduct by an opposing party.

17. At this juncture, for the reasons set forth herein, dismissal is warranted and to the extent necessary, the Order of December 16, 2019 should be corrected to accurately and fully reflect the decision of this Court.

18. The relief sought herein has not previously been requested.

19. It is respectfully requested that in light of the authority cited herein, the filing of a separate memorandum of law be waived.

WHEREFORE, it is respectfully requested that the Adversary Proceeding 19-09029(CGM) be dismissed and the Order of December 16, 2019, corrected as necessary.

Dated: Chestnut Ridge, New York
February 7, 2020

Kurtzman Matera, P.C.
Attorneys for Debtors


   /s/ Rosemarie E. Matera
Rosemarie E. Matera, Esq.
80 Red Schoolhouse Road
Suite 110
Chestnut Ridge, New York 10977