Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Defendants
80 Red Schoolhouse Road
Suite 110
Chestnut Ridge, New York 10977
(845) 352 - 8800
email: law@kmpclaw.com

---------------------------------------------------------------x
In re:

SUSANNA ALEXANDRA VISHNEV and SLAVA VISHNEV,

                         Debtors.

Chapter 7

Case No. 19-35843(CGM)

---------------------------------------------------------------x
YURIY KLIBAN,

                         Plaintiff,

  - against -

SUSANNA ALEXANDRA VISHNEV and SLAVA VISHNEV,

                       Defendants

Adversary Proceeding

Case No. 19-09029(CGM)

---------------------------------------------------------------x

### STIPULATION AND ORDER DISMISSING THE ADVERSARY PROCEEDING COMPLAINT AND CONFIRMING THAT THE CONSTRUCTIVE TRUST IMPOSED UPON SUSANNA VISHNEV IS DISCHARGEABLE

IT IS HEREBY STIPULATED AND AGREED by and between Yuriy Kliban, the above captioned plaintiff ("Plaintiff") and Susanna Alexandra Vishnev ("Mrs. Vishnev") and Slava Vishnev ("Mr. Vishnev") defendants and debtors herein (collectively, "Defendants") as follows:

WHEREAS, Defendants filed a voluntary petition for relief under Chapter 7 ("Chapter 7 Case") of the United States Bankruptcy Code ("Bankruptcy Code"); and

WHEREAS, Fred Stevens was appointed the interim trustee ("Trustee") of the Chapter 7 Case and succeeded to the position of permanent Trustee at the Section 341(a) meeting; and

WHEREAS, the Trustee filed his Report of No Distribution on June 24, 2019; and

-1-

WHEREAS, Plaintiff commenced the above captioned adversary proceeding ("Adversary Proceeding") on July 29, 2019, by filing a complaint seeking a determination that the debts are not dischargeable and that Mrs. Vishnev holds $110,462.80 in a constructive trust for the benefit of Plaintiff; and

WHEREAS, Plaintiff moved for summary judgment ("Summary Judgment Motion") pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure on November 19, 2019; and

WHEREAS, the Summary Judgment Motion was granted, in part, and denied, in part; and

WHEREAS, on December 16, 2019, an Order on Motion and Cross-Motion ("Summary Judgment Order") was entered; and

WHEREAS, the Summary Judgment Order makes no reference to the determination that non-dischargeability as to Mrs Vishnev was denied; and

WHEREAS, by Motion filed with the United States Bankruptcy Court on February 7, 2020 ("Motion"), the Defendants, at the direction of the United States Bankruptcy Court, moved to dismiss the Adversary Proceeding and also moved to clarify and amend the Summary Judgment Order to reflect the ruling of the United States Bankruptcy Court that any debt owed by Mrs. Vishnev to the Plaintiff is dischargeable; and

WHEREAS, the Plaintiff and Defendants are desirous of settling this Adversary Proceeding and the Motion and avoiding further costs and fees upon the terms set forth in this Stipulation ("Stipulation and Order"), to be "So Ordered" by the United States Bankruptcy Court, which have been agreed upon as evidenced by the signatures of the respective counsel to Plaintiff and Defendants, as well as the signatures of the Plaintiff and Defendants themselves;

NOW, THEREFORE, in consideration of the mutual covenants, agreements and conditions stated in this Stipulation and Order, and upon acknowledgment of each of the Plaintiff and Defendants, it is hereby agreed as follows:

1. Clarifying and supplementing the Summary Judgment Order, Plaintiff's claim that the constructive trust held by Mrs. Vishnev is non-dischargeable is denied with the remainder of the Summary Judgment Order to remain in full force and effect.

2. Per the Summary Judgment Order, the debt owed to Plaintiff by Mr. Vishnev in the amount of $545,741.74 plus New York statutory interest is a non-dischargeable debt.

3. Upon the issuance of the discharge to Mrs. Vishnev, she shall have no liability for any debt or claim of the Plaintiff.

4. Any claims of Plaintiff not addressed in the Summary Judgment Order, as modified by this Stipulation and Order, are dismissed with prejudice and without costs to either the Plaintiff or the Defendants.

5. No modifications, amendments, or any additions may be made to this Stipulation and Order, nor waivers of any of its provisions, shall be valid or enforceable unless in writing, signed by the parties and "So Ordered" by the Court.

6. This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed entirely within such State, with regard to New York conflicts of law rules.

7. The Plaintiff and the Defendants have been represented by independent counsel of their own choice throughout the negotiations that preceded execution of this Stipulation and Order, and they voluntarily entered into this agreement .

8. The Plaintiff and Defendants agree that, in interpreting any issues that may arise in connection with the construction of this Stipulation and Order, rules of construction related to who prepared this Stipulation and Order shall be inapplicable, each party having contributed or having had the opportunity to contribute to clarify any issue.

9. In the event the Bankruptcy Court does not so order this Stipulation and Order, it

shall be considered null and void.

10. This Stipulation and Order constitutes the entire agreement and understanding between the Plaintiff and Defendants on the subject matter above. Neither the Plaintiff nor Defendants shall be bound by any conditions, definitions, representations, or warranties with respect to the subject matter of this Stipulation and Order other than as expressly set forth above. This Stipulation and Order may be amended or modified only by a writing signed by the Plaintiff and Defendants and "So Ordered" by this Court.

11. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or pdf attachment to an email shall be deemed to be an original signature.

12. The Plaintiff and Defendants represent and warrant that each of them has the legal right and capacity to enter into this Stipulation and Order.

Dated: Syosset, New York
February 18, 2020

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
Attorneys for Plaintiff

/s/ Brad A. Schlossberg
Brad A. Schlossberg, Esq.

/s/ Yuriy Kliban
Yuriy Kliban

Dated: Chestnut Ridge, New York
March 18, 2020

KURTZMAN MATERA, P.C.
Attorneys for Defendants

/s/ Rosemarie E. Matera
Rosemarie E. Matera, Esq.

Dated: March 20, 2020

/s/ Susanna Alexandra Vishnev
Susanna Alexandra Vishnev

/s/ Slava Vishnev
Slava Vishnev

**Dated: March 22, 2020**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**